UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES YUNGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV2187 RWS |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his application to proceed in forma pauperis. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. As such, petitioner's motion to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915. However, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

**The Petition**

Petitioner says that he pled guilty to first degree sodomy and was sentenced to ten years' imprisonment on April 13, 1999. Petitioner did not file an appeal from his judgment and conviction. Nor did petitioner file a motion for postconviction relief.

Petitioner did not file a federal petition for writ of habeas corpus either. After his prison term ended, petitioner was found to be a sexually violent predator ("SVP") under Missouri law, and he is now civilly confined in Fulton State Hospital.

Petitioner now alleges that he was deprived of effective counsel, that a DNA test should have been conducted, that evidence was destroyed before the trial, and that the victim was coached on the stand. Petitioner states that the petition is untimely because the public defender never told him there were time limits for filing appeals or habeas petitions.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Crim. P. 30.01(d). As a result, the one-year period of limitations under § 2244(d)(1)(A) expired in April 2000. In addition, none of the circumstances listed in § 2244(d)(1)(B)-(D) apply to the instant petition. As a result, the petition is untimely, and petitioner will be required to show cause why his petition should not be dismissed as time-barred pursuant to § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

Case: 4:12-cv-02187-RWS   Doc. #:  4   Filed: 11/28/12   Page: 4 of 4 PageID #: 29

**IT IS FURTHER ORDERED** that petitioner shall show cause, no later than thirty (30) days from the date of this Order, why this action should not be dismissed as time-barred.

Dated this 28th day of November, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE